IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:24-cr-00025-MR-WCM

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DARRIEN QUANTAEL CANNADY | ) | |
| | ) | |

This matter is before the Court on Defendant's Motion to Reconsider Order Detaining Defendant Pending Sentencing (the "Motion to Reconsider," Doc. 39).

I. Relevant Background

On April 2, 2024 a Bill of Indictment was filed charging Defendant with three (3) controlled substance offenses. Doc. 3.

On April 5, 2024, Defendant made an initial appearance. The Court granted Defendant's request for appointed counsel and the Government moved for pretrial detention.

On April 10, 2024, Defendant was arraigned and pled not guilty to the charges. A detention hearing was also held. Following that hearing, the Court ordered that Defendant be released on certain conditions. Docs. 13, 14.

On June 28, 2024, Stephen P. Lindsay appeared as retained counsel for Defendant. Doc. 20. Consequently, his appointed attorney was subsequently allowed to withdraw.

1

On December 20, 2024, a plea agreement and a factual basis were filed, Docs. 28, 29, and a plea hearing was scheduled for January 3, 2025.

On January 1, 2025, Defendant filed a "Motion to Allow Defendant to Remain on Bond Pending Sentencing" along with various supporting materials. Doc. 30.[1]

On January 3, 2025, the undersigned accepted Defendant's plea to Count Three in the Bill of Indictment, which charged Defendant with distributing a mixture and substance containing a detectable amount of cocaine base in violation of Title 21, United States Code, Section 841(a)(1), and recommended that the presiding District Judge also accept Defendant's plea.

The Court then heard argument on Defendant's "Motion to Allow Defendant to Remain on Bond Pending Sentencing" as well as on an oral motion by the Government that Defendant be held in custody pending sentencing. By oral order issued at the conclusion of that proceeding, the undersigned denied Defendant's motion and granted the Government's motion.

Defendant filed the Motion to Reconsider the following day.

A hearing was conducted on January 15, 2025 and the Motion to Reconsider was taken under advisement. This order now follows.

---

[1] Additional documents were filed on the morning of Defendant's plea hearing, January 3, 2025. Docs. 31, 32, 33.

## II. Discussion

Generally, decisions regarding the release or detention of a defendant pending sentencing are governed by 18 U.S.C. 3143(a).

Through his previous Motion, Defendant argued that he should be released because the Court should find that Defendant was not likely to flee or pose a danger to the safety of any other person or the community if released. Such a finding would support Defendant's release under Section (a)(1).

However, because Defendant has pled guilty to an offense for which a maximum term of imprisonment of ten (10) years or more is prescribed in the Controlled Substances Act, his case is governed by Section (a)(2).[2] That provision requires a court to order that such a defendant be detained unless 1) either the court finds that there is a substantial likelihood a motion for acquittal or new trial will be granted, OR the Government recommends that no sentence of imprisonment be imposed AND 2) the court finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

---

[2] At the previous hearing, Defendant suggested that the Court should construe Section (a)(2) in light of Defendant's potential sentencing guidelines range instead of the maximum possible penalty that may be imposed pursuant to 21 U.S.C. 841. However, such a reading appears to be inconsistent with the express terms of Section (a)(2) and Defendant has provided no authorities to support it.

Here, since the Court concluded that Defendant could not satisfy the first requirement of Section (a)(2), the Court found that Defendant must be detained and, accordingly, denied Defendant's motion and granted the Government's motion.

Defendant then filed the Motion to Reconsider. That Motion, however, is incorrectly titled because the Court is not being asked to reconsider its prior ruling. That is, Defendant is not arguing that the Court's analysis of Defendant's prior Motion and the parties' associated arguments was incorrect or should be revisited; instead, Defendant is contending that he should be released pending sentencing under 18 U.S.C. § 3145. This argument was not made during the prior hearing and is considered now in this case for the first time.

Defendant is correct, generally, that the Court may consider releasing him pursuant to 18 U.S.C. § 3145(c), which provides, in pertinent part, that a "person subject to detention pursuant to section 3143(a)(2) ... and who meets the conditions of release set forth in section 3143(a)(1) ..., may be ordered released, under appropriate conditions ... if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). In other words, Defendant may be released if 1) he meets the applicable conditions of release set forth in section 3143(a)(1)—specifically if

the Court finds "by clear and convincing evidence that [Defendant] is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)"—and 2) there are exceptional reasons why his detention would not be appropriate.

In this case, the Government has not argued that Defendant would likely flee or pose a danger if released, and the Court finds that Defendant has carried his burden in that regard. Fed. R. Crim. P. 46(c).

As for the second portion of the analysis:

> Courts generally have defined "exceptional reasons" as circumstances which are "clearly out of the ordinary, uncommon, or rare." See United States v. Larue, 478 F.3d 924, 926 (8th Cir. 2007) (finding defendant's compliance with terms of pretrial release, lack of criminal record, payment of child support, and continued employment were not exceptional reasons warranting release); United States v. Lea, 360 F.3d 401, 403 (2d Cir. 2004) ("Exceptional circumstances exist where there is 'a unique combination of circumstances giving rise to situations that are out of the ordinary.'") (quoting United States v. DiSomma, 951 F.2d 494, 497 [(]2d Cir. 1991)).
>
> United States v. Vilaiphone, No. 3:08CR232-MR, 2009 WL 412958, at *2 (W.D.N.C. Feb. 18, 2009).

Defendant argues that his activities since being released on bond constitute exceptional reasons that suggest his detention pending sentencing is not appropriate. In particular, Defendant states that 1) unlike other federal defendants facing drug charges, he was placed on pretrial release, 2) he did not

5

violate any of his bond conditions, 3) he excelled at his job, 4) he continued his education and did well, 5) he voluntarily helped persons who were impacted by Hurricane Helene, and 6) he supported multiple children and wishes to be out of custody for the birth of his child, which is expected in March 2025. In short, counsel contends that Defendant has conducted himself just the way society hopes he will when he is released from his (likely) upcoming prison term.

The Court finds Defendant's conduct while on release, as ably described during the hearing by defense counsel, to be commendable. Nothing more could have been expected of Defendant.

However, at the same time, the Court is not persuaded that Defendant's compliance with his bond conditions, employment, engagement in educational and volunteer opportunities, or family circumstances qualify as exceptional reasons under Section 3145(c). See e.g., Vilaiphone, 2009 WL 412958, at *2 ("while the Court is cognizant of the hardships that the Defendant's detention will create for his immediate family, such hardships are common to nearly every case involving a term of imprisonment and thus do not qualify as 'exceptional reasons' under § 3145(c)."); United States v. Uhuru, No. 3:21cr14, 2022 WL 17672514 at *5 (E.D.Va. Dec. 14, 2022) ("compliance with pretrial release terms, lack of a criminal history, gainful employment, and payment of child support do not qualify as exceptional circumstances.") (citing United

6

States v. Larue, 478 F.3d 924, 925 (8th Cir. 2007) (per curiam); United States v. Nickell, 512 Fed. Appx. 660, 661 (8th Cir. 2013) (unpublished) (finding that caring for a child and gainful employment do not qualify as exceptional circumstances)); United States v. Mahoney, 627 F.3d 705, 706 (8th Cir.2010) (per curiam) (finding that "do[ing] remarkably well on release" is not an exceptional circumstance justifying release pending sentencing); United States v. Garcia, 340 F.3d 1013, 1022 (9th Cir. 2003) ("[h]ardships that commonly result from imprisonment" do not qualify as exceptional circumstances."); United States v. Sabhnani, 529 F.Supp.2d 377, 382 (E.D.N.Y.2007) ("Incarceration always is associated with severe familial inconvenience.").

**IT IS THEREFORE ORDERED THAT** Defendant's Motion to Reconsider Order Detaining Defendant Pending Sentencing (Doc. 39) is **DENIED**.

Signed: January 22, 2025

W. Carleton Metcalf
United States Magistrate Judge